IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

IN RE: SQRL HOLDINGS, LLC,            Case No.: 4:24-bk-11566
    Alleged Debtor                                      Chapter 7

## NOTICE OF INTENT TO ISSUE SUBPOENA TO STONE BANK

Gas POS, Inc., creditor in the above-described Chapter 7 bankruptcy case, appearing through its undersigned counsel, hereby gives notice pursuant to Rule 9016 of the Fed. R. Bankr. P. of its intent to serve the attached subpoena upon Stone Bank.

June 22, 2024.

                                               Respectfully submitted,

                                               /s/ *J. Brian Ferguson*
                                               J. Brian Ferguson
                                               Arkansas Bar No. AR2018117
                                               Ferguson Law Firm, PLLC
                                               3333 Pinnacle Hills Pkwy, Suite 410
                                               Rogers, AR 72758
                                               (479) 464-4418 (Telephone)
                                               brian@ozarkfunds.com

                                               Counsel for Gas POS, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth above, a true and correct copy of the foregoing document was served via electronic mail on the parties subscribing to the Court's CM/ECF system in this case.

                                               /s/ *J. Brian Ferguson*
                                               J. Brian Ferguson

4:24-bk-11566 Doc#: 73 Filed: 06/22/24 Entered: 06/22/24 17:35:16 Page 2 of 9

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

__EASTERN__ District of __ARKANSAS__

In re __SQRL HOLDINGS, LLC__
  Alleged Debtor

*(Complete if issued in an adversary proceeding)*

Case No. __2:24-BK-11566__

Chapter __7__ Involuntary

_____
Plaintiff
v.
_____
Defendant

Adv. Proc. No. _____

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: __STONE BANK__

*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: ALL DOCUMENTS DESCRIBED IN THE ATTACHED EXHIBIT A

| PLACE Ferguson Law Firm, PLLC<br>3333 Pinnacle Hills Parkway, Suite 410, Rogers, AR 72758 | DATE AND TIME<br>NLT July 15, 2024 at 4 p.m. |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __6/22/2024__

CLERK OF COURT

_____           OR       *Brian Ferguson*
*Signature of Clerk or Deputy Clerk*              _____
                                                  *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* __Gas Pos, Inc.__ , who issues or requests this subpoena, are:
J. Brian Ferguson, (address above) brian@ozarkfunds.com, (479) 464-4418

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

4:24-bk-11566 Doc#: 73 Filed: 06/22/24 Entered: 06/22/24 17:35:16 Page 3 of 9

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

4:24-bk-11566 Doc#: 73 Filed: 06/22/24 Entered: 06/22/24 17:35:16 Page 4 of 9

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

  *(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

   *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A TO SUBPOENA

## DEFINITIONS AND INSTRUCTIONS

1. "**You**" means Stone Bank, a bank chartered in the State of Arkansas with its principal place of business at 802 East Main Street, Mountain View, Arkansas and its present and former agents, employees, representatives, attorneys, assigns, successors in interest, and any persons acting or purporting to act in whole or in part for or on its behalf.

2. "**Alleged Debtor**" means SQRL Holdings, LLC, a limited liability company organized under the laws of Florida.

3. "**Bankruptcy Case**" shall mean *In Re: SQRL Holdings, LLC. Alleged Debtor*, currently pending in the United States Bankruptcy Court for the Eastern District of Arkansas, Central Division, as Case No. 4:24-bk-11566.

4. "**Account**" includes demand deposit accounts, checking accounts, savings accounts, certificates of deposits, term loans, revolving lines of credit, and credit cards.

5. "**Relevant Period**" means October 5, 2022, through the date you are served with this subpoena.

6. "**Targeted Account**" means that certain account with an account number ending in 7781, and any Account at your institution in which either the Alleged Debtor or SQRL Service Stations, LLC now has or ever had, during the Relevant Period: an ownership interest, signing authority, a debit card, or an obligation to service debt.

7. "**Person**" or "persons" shall mean all individuals and entities, including, but not limited to, sole proprietorships, partnerships, joint ventures, estates, trusts, associations, companies, corporations, or government agencies. When the referenced person is an entity of any type, the term "person" or "persons" includes all present or former officers, directors, employees, agents, shareholders, trustees, beneficiaries or other representatives.

8. "**Documen**t" or "documents" shall mean all materials within the full scope of FED. R. BANKR. P. 7033, 7034 and 7036 and FED. R. CIV. P. 33, 34 and 36 including but not limited to: all writings and recordings, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise (including but without limitation to, email and attachments, correspondence, memoranda, notes, diaries, statements, envelopes, text messages, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, checkbooks, cancelled checks, statements, tags, labels, bank statements, ledgers, financial statements, work orders, logs, invoices, bills of lading, purchase orders brochures, periodicals, desk calendars, pocket calendars, electronic calendars, appointment books, appointment logs, telegrams, receipts, returns, summaries, pamphlets, books, interoffice and intraoffice communications, offers, notations of any sort of conversations, working papers, applications, permits, file rappers, indices, telephone calls, telephone logs, telephone bills, voicemail, telephone messages, telephone message slips, reports, agreements, agendas, meetings or printouts, teletypes, telefax, worksheets, and all drafts, alterations, modifications, changes and amendments of any of the foregoing), graphic or aural representations of any kind (including without limitation, photographs, charts, microfiche, microfilm, videotape, recordings, motion pictures, plans, drawings, surveys), and electronic, mechanical, magnetic, optical or electric records or representations of any kind (including without limitation, computer files and programs, tapes, cassettes, discs, recordings), including metadata.

9. "**Communication**" is used in its customarily broad sense and includes, without limitation, telephone conferences, correspondence, letters, memoranda and other written forms of exchange and in all verbal conversation by whatever means including all forms and manifestations of electronically stored and/or retrieved electronic information, in all electronic media (hard drive, diskette or tape), including but not limited to e-mail, voicemail, text messages, and instant messages.

10. "**Concerning**", "concern", "relating" or "relate" shall mean referring to, alluding to,

responding to, relating to, connected with, connected on, connected to, in respect of, about, regarding, discussing, showing, depicting, recording, memorializing, describing, mentioning, reflecting, analyzing, constituting, pertaining to or evidencing.

11. "**Identify**", "identity", or "identification":

   a. when used in reference to a natural person, means that person's full name, last known address, home and business telephone numbers, and present occupation or business affiliation;

   b. when used in reference to a person other than a natural person, means that person's full name, a description of the nature of the person (that is, whether it is a corporation, partnership, etc. under the definition of person below), and the person's last known address, telephone number and principal place of business;

   c. when used in reference to any person after the person has been properly identified previously means the person's name;

   d. when used in reference to a document, requires you to state the date, the author (or, if different, the signor or signors), the addressee, the identity of the present custodian of the document, and the type of document (e.g. letter, e-mail, memorandum, telegram, or chart), or to attach an accurate copy of the document to your answer, appropriately labeled to correspond to the request.

12. If any document requested herein was, but is no longer, in your custody, control or possession, state, with particularity, the disposition made of each such document, including the date of, method of, and reason(s) for such disposition, and the name and address, if known, of any person who has seen the document or who now has custody, control or possession thereof.

13.     Possession, custody or control does not require that you have actual physical possession; instead, if you have physical control or a superior right to compel production from another, the documents must be produced.

14.     If any information is withheld under a claim of privilege or is not produced for whatever reason, you must (i) state with specificity the claim of privilege or other reason used to withhold the document from production, and (ii) identify each document by date, author, and subject matter, without disclosing its contents, in a manner sufficient to allow it to be described to the Court for a ruling on the privilege or other reason stated.

## SCHEDULE OF DOCUMENTS REQUESTED TO BE PRODUCED

**REQUEST NO. 1:**  Copies of all applications signed by either the Alleged Debtor or SQRL Service Stations, LLC to open any Account with You (whether for a deposit, credit, or loan account).

**REQUEST NO. 2:**  Copies of all financial statements provided to you by the Alleged Debtor for itself or any entity under its control.

**REQUEST NO. 3:**  Copies of all tax returns for either of the Alleged Debtor or any entity which it controls for the tax years 2022 and 2023.

**REQUEST NO. 4:**  Copies of all Communications with any representative, officer of principal of the Alleged Debtor during the Relevant Period Concerning any of the Targeted Accounts. (For this request, please exclude Communications which were not specific to the Alleged Debtor or SQRL Service Stations, LLC. In other words, please exclude Communications that went to a significant number of your customers.)

**REQUEST NO. 5:**  Copies of all internal Communications Concerning the credit worthiness of the Alleged Debtor or SQRL Service Stations, LLC.

**REQUEST NO. 6:** Copies of Documents and Communications (internal and external) Concerning any Credit application made by either the Alleged Debtor or any entity controlled by the Alleged Debtor.

**REQUEST NO. 7:** For each of the Targeted Accounts during the Relevant Period, please produce the following:

a. All periodic account statements (whether monthly, quarterly, or other period)
b. Legible copies of all checks drawn on each account
c. Legible copies of all checks deposited into each account
d. For every electronic transfer into any account, whether by wire transfer, ACH, internal bank transfer, or otherwise, Documents sufficient to show: the date of transfer; the amount of transfer; account name, account number, and institution of the remitting account.
e. For every electronic transfer out of any account, whether by wire transfer, ACH, internal bank transfer, or otherwise, Documents sufficient to show the date of transfer; amount of transfer; account name, account number, and institution of the receiving account.